IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DARRYL A. ALEXANDER  v.  TRANSUNION | CIVIL ACTION  NO. 23-2750 |
|---|---|

**Baylson, J.**                                                                                                              **June 6, 2024**

<u>**MEMORANDUM**</u>

### I.    FACTS AND PROCEDURAL HISTORY

On June 23, 2023, pro se Plaintiff Alexander initiated this lawsuit against Defendant TransUnion. He did so after allegedly noticing several transactions on his credit report two weeks earlier, which Defendant generated. Compl. ¶¶ 11–15, ECF 1-6. Plaintiff alleged that those three transactions were false and contacted Defendant to remove them. <u>Id.</u> at ¶¶ 15–17. When Defendant failed to remove those transactions, Plaintiff filed suit, claiming Defendant violated several provisions of the Fair Credit Reporting Act and defamed him. 15 U.SC. § 1681.

Defendant properly removed this case to federal court on July 19, 2023. Discovery commenced. During that time, Defendant sent Plaintiff interrogatories and requests for admission, to which Plaintiff failed to respond. For his part, Plaintiff did not depose any witnesses, secure any interrogatories or requests, or file any subpoenas. In other words, he did not utilize the discovery process.

On March 15, 2024, Defendant moved for summary judgment. Def. Mot. Summ. J., ECF 31. In support of its motion, Defendant included a Statement of Material Facts, based on uncontested affidavits from Defendant employees and unanswered requests for admissions by Defendant to Plaintiff. Def. Statement of Material Facts, ECF 31-2

1

Undisputed material facts include that Defendant maintains reasonable procedures to assure the maximum accuracy of Plaintiff's credit report and utilizes those procedures and systems on an ongoing basis. Id. at ¶¶ 2–4. Moreover, Defendant sent request for admission to Plaintiff, to which Plaintiff failed to respond, that:

(1) Plaintiff does not have any state or common law claims against Defendant;

(2) Defendant has not violated any provision of the Fair Credit Reporting Act with respect to Plaintiff;

(3) Defendant followed reasonable procedures to assure maximum possible accuracy of the information Defendant reported with respect to Plaintiff;

(4) Defendant's reinvestigation of Plaintiff's claims was reasonable;

(5) Defendant never furnished inaccurate information about Plaintiff in a credit report to any third party;

(6) Defendant never furnished Plaintiff's credit report to a third party;

(7) Defendant did not knowingly, intentionally, or recklessly commit any act or omission in conscious disregard for Plaintiff's rights;

(8) Defendant's actions in handling Plaintiff's credit file were not done with intent to harm Plaintiff;

(9) Plaintiff suffered no damage as a result of any Defendant action;

(10) Plaintiff was not denied credit or had terms changed as a result of Defendant's actions regarding Plaintiff;

(11) Plaintiff did not suffer any emotional distress, humiliation, embarrassment or mental anguish as a result of Defendant's conduct;

(12) Plaintiff did not suffer any out-of-pocket expenses as a result of Defendant's handling of Plaintiff's credit file;

(13) Plaintiff did not have any oral communications with Defendant; and

(14) Plaintiff did not have any written communications with Defendant. Id. at ¶ 30.

In short, Defendant sent requests for admission that would allow Plaintiff to establish disputed material facts in this case. Namely, that Defendant did not report false information on Plaintiff's credit report. Plaintiff never responded, even after this Court specifically directed Plaintiff to respond or risk an adversarial judgment for failure to prosecute. ECF 24.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual

showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### III. DISCUSSION

The Federal Rules of Civil Procedure provide that either party may request admissions to establish "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Failure to answer a request for admission "within 30 days of being served" deems the matter admitted. Fed. R. Civ. P. 36(a)(3).

"Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' . . . and may support a summary judgment motion." Sec'y United States Dep't of Lab. v. Kwasny, 853 F.3d 87, 91 (3d Cir. 2017). Moreover, these admitted matters are "unassailable statement[s] of fact" and are "binding on the non-responsive party unless withdrawn or amended." Id. In fact, the Third Circuit has indicated, albeit non-precedentially, "that a district court errs when it withdraws admissions" sua sponte. Percella v. City of Bayonne, 2022 WL 2207832, at *2 (3d Cir. June 21, 2022) (non-precedential).

Defendant has provided an exhaustive list of admitted facts and applications of law to fact that are clearly dispositive of all the issues in this case. Without belaboring the point, those include admissions that Defendant did not provide any false information on credit reports pertaining to Plaintiff and that Plaintiff did not suffer any damages because of Defendant's actions. See Wylie v. TransUnion, LLC, 2017 WL 4386404, at *4 (W.D. Pa. Sept. 29, 2017) (granting summary judgment for TransUnion when Plaintiff failed to respond to essentially identical requests for admission). Clearly, Defendant has met its initial burden that there are no genuine disputes of

material fact. Plaintiff, having failed to engage in discovery or any motions practice, has wholly failed to cite any disputed material facts. As such, no reasonable jury could find in Plaintiff's favor and this Court will **GRANT** judgment for Defendant.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. An appropriate order will follow.

O:\CIVIL 23\23-2750 Alexander v. Transunion\23cv2750 Memo re SJ.docx